OPINION OF THE COURT
Arthur S. Hirsch, J.
In this proceeding, initiated Business Corporation Law, a a. pursuant to section 619 of the lareholder and member of the board of directors of the Willoughby Walk Cooperative Apartments, Inc., seeks to set aside t;he election of directors held on November 19, 1979 on grounds that one of the elected directors had not fulfilled statutory and by-law requirements for eligibility for office. In particular, petitioner contests the election of Garland Core-Shuler. Mr. Garland Core, Jr., has assumed the hyphenated name consisting in the first part of his own family name, and in the second of the name of the woman with whom he shares an apartment in Willoughby Walk Cooperative. The stock certificate for apartment 315 was issued originally in 1978 solely| in the name of his roommate, Virginia Shuler. Mr. Core-Shuler has stated that this was an oversight or carelessness on his part, but that he helped pay for the co-operative stock alloted to the apartment and pays part of the monthly maintenance charges. Furthermore, he has long been active in the affairs of the co-operative and his involvement was such that his ¡name was placed on the ballot of candidates for the November, 1979 election of directors.
On November 13, during candidate night, petitioner was critical of Mr. Core-Shuler’s candidacy, informing the co-aperators that Core-Shuler was no^; a shareholder and therefore was ineligible to be elected as a director. The next day Mr. Core-Shuler’s name was added to Virginia Shuler’s on the stock certificate for their apartment. Despite petitioner’s objections and warnings, on November 19, 1979, the majority of cooperators elected Mr. Core-Shuler, among others, to serve on the board of directors of their co-operative.
It is petitioner’s contention that the Core-Shuler election was illegal in its inception, based on a section of the cooperative’s by-laws (art III, § 8)j wherein the transfer of membership within 10 days preceding the annual stockholders’ meeting is prohibited. Petitioner maintains Core-Shuler’s purported membership was executed five days before the meeting and as a result, he could not be Shuler has nevertheless served elected to the board. Mr. Core-together with petitioner, as a *479 voting and active member of the board at all the meetings since his election.
The petitioner’s full participation at the election meeting on November 19, 1979, after having heatedly contested Core-Shuler’s eligibility for directorship, is understandable and would not prejudice his position. However, his participation at numerous subsequent meetings takes on a different connotation, rendering untenable his contention that the board is illegally constituted. This is particularly true where on at least one occasion he accepted Core-Shuler’s seconding to motions made by petitioner. This, in effect, is an acknowledgment of CoreShuler’s membership on the board of directors and acts as a waiver of petitioner’s rights to contest the election.
Participation at board meetings binds a participant to the action taken and denies to him the right to question the validity of the meeting (Handley v Stutz, 139 US 417, 423).
Petitioner has stated he did not move earlier in his legal attempt to oust Core-Shuler because of his own health problems. Core-Shuler has now served on the board for six months. In the period from November, 1979 to the present, the elected board has acted upon a myriad of matters concerning the corporation’s interests. A discharge of the board, as this petition demands, would necessitate vacating all actions on which the board has given its approval since November. This would not only disrupt the affairs of the co-operative, but would be highly prejudicial to the interests of the co-operators. On this ground alone, the petition could properly be denied. Nevertheless, comment will be made as to the question concerning the transfer of membership less than the 10 days prescribed in the by-laws of the co-operative.
The provision in the by-laws relied upon by petitioner must be read together with other portions of the by-laws and with relevant statutes. Section 604 of the Business Corporation Law provides for the fixing of a "record date” to establish shareholder ownership, but only for the purpose of determining which shareholders are entitled to notice or to vote or receive payment of dividends. No reference is made as to eligibility for membership on a co-operative’s board. The statute obviously does not deal with eligibility for board membership nor was it contemplated to do so.
Focusing on the statutory language of another material statute, section 60 of the Cooperative Corporations Law, one finds that members of a co-operative corporation elect a direc *480 tor from among themselves. It appears that a person who is a member of the corporation as óf the date of board elections is an eligible candidate.
Section 8 of article III of the Willoughby Walk co-operative by-laws restricts the transfer jof membership to a period in excess of 10 days of the annual meeting. This article must be read within its context. It is patent that section 8 is concerned with transfers occasioned by (a) the death of a shareholder and (b) and (c) the sale of an apartment viewed from a consideration of options available to the co-operative upon such contingency. Nowhere in section 8 is there reference to board membership. The utilization of this provision to claim ineligibility of a board member and thereby to nullify the votes of the majority of co-operators who elected Mr. CoreShuler is misguided. A more relevant provision of the by-laws is found in article V, entitled "Directors”, wherein it is stated at the beginning of the article that only a majority of the directors must be members of the co-operative.
As is readily seen, the one thing that is clear regarding the eligibility for board membership is that there is ambiguity in statute and by-law on this subject. The situation in the instant case does not involve any of the considerations brought to fore in section 8 of article III of the by-laws. Here, we have a candidate for the board who has continually resided in an apartment in the co-operative and who has, as a course of conduct, been active in co-operative affairs.
The president, who is also a director of the co-operative, in an affidavit opposing the petition, has accorded the transfer of the Core-Shuler shareholder certificate little import, conceding that the adjustment on the stdck certificate made by adding the name of the apartment’s other resident, Mr. Garland Core, Jr., was merely a routine pro forma administrative matter requiring no affirmative action |by the board as would be the case where new membership is involved. The Core-Shuler transfer was not an unusual occurrence and, as a matter of practice, the president stated that adjustments of a similar nature have been made in other certificates of ownership, including the transferring of membership during the 10-day period preceding the annual election meetings. The court finds the Core-Shuler transfer to be! without substance or significance and the 10-day restriction a mere technicality, having no effect on the eligibility of Mr. Core-Shuler as a candidate *481 (Matter of Gilman v Long Is. Home Bldrs. Inst, 11 Misc 2d 393).
There is no indication that the transfer was fictitious, made to assure Core-Shuler’s eligibility in the forthcoming election with the contemplation of an assignment to the “real” owner (see Matter of Ringler & Co., 204 NY 30, 37-38). To the contrary, Core-Shuler’s conduct in the past and to date indicates his “real” interest in the co-operative.
Accordingly, petition is denied.